RAIFORD *v.* DANIELS, et al.

No. 41014          November 9, 1959          115 So. 2d 307

*Forrest B. Jackson,* Jackson, for appellant.

*Watkins & Watkins,* Tylertown, for appellees.

McGehee, C. J.

The appeal in this case has been dismissed on two prior occasions because of the failure of the appellant to file any assignment of error or brief. Prior to the adjournment of the Court last June we reinstated a dismissed appeal in the case and granted unto the appellant the right to get an assignment of error and brief filed at the beginning of the September 1959 term of this Court. On September 14 we were advised by the attorney for the appellees that he had agreed that the case might be passed for an additional two weeks for the filing by the appellant of an assignment of error and brief. Since the assignment of error and brief was not filed, we dismissed the appeal again on September 28

after the appellant, Jewell Raiford, had been advised in person that this course would be taken unless an assignment of error and brief were filed on or before September 28. On that date the appellant was advised by the Chief Justice that if he would get some attorney to file a motion to reinstate the case on or before October 12, 1959 and show good cause for its reinstatement the Court would entertain the motion to reinstate provided he attached to the motion his assignment of error and brief. The appellant was not advised that the motion to reinstate would be sustained but that the Court would consider the same and take such action thereon as it should deem proper.

On October 10, 1959, the appellant filed a motion to reinstate, and accompanied the same with an assignment of error and brief, but failed to set forth therein any facts as to why he had not previously filed an assignment of error and brief. But the Court is familiar with the unusual status of this appeal, and upon an examination of the record in the case we find that the appeal is from an interlocutory decree rendered upon the dissolution of a temporary injunction and without any agreement of the parties that the hearing on the motion to dissolve the temporary injunction would be treated as a final hearing.

The appeal was taken from an interlocutory decree without any authority from the trial court or any member of this Court. The chancery clerk is without authority to grant an interlocutory appeal, and such clerk in the instant case did not undertake to do so but he merely approved the purported supersedeas appeal bond after the appeal with supersedeas had been granted by a member of this Court.

In the interlocutory decree it was adjudged that the Walthall County Livestock Producers Association "is entitled to recover the sum of $209 for feeding, caring for, housing and transporting, the livestock of complainant." It was overlooked by the chancellor that the said

Walthall County Livestock Producers Association was not a party to the lawsuit, which involved a temporary injunction against the foreclosure of a deed of trust given by the appellant in favor of W. I. Daniels, one of the appellees.

The decree appealed from left to the clerk of the court the matter of rendering a final decree against the complainant, Jewell Raiford, and his bondsmen, for the difference between the amount of the interlocutory decree and the amount realized from the sale under foreclosure. Only the chancellor would have had the authority to render such a decree.

We have concluded that under the status of this record the interlocutory appeal was improvidently taken; that the motion to reinstate the appeal should be sustained, but that the appeal as reinstated should be and the same is hereby dismissed without prejudice to either of the parties to proceed with the case to a final decree, since it now appears that the appeal was prematurely taken, and was from an interlocutory decree without permission of the trial judge or anyone else and that we should not have heretofore dismissed the appeal except without prejudice.

Moreover, the purported supersedeas appeal bond was not filed or approved until February 28, 1958 and the interlocutory decree from which the appeal was sought to be taken purports to have been signed on January 27, 1958 and filed on January 28, 1958, and the bond was not therefore filed within thirty days after the rendition of the said interlocutory decree as required by Sec. 1148, Code of 1942, and would not have been effective to give this Court jurisdiction of the case even if an interlocutory appeal had been granted from the said interlocutory decree.

Motion to reinstate appeal sustained and the appeal is now dismissed.

All justices concur.